UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HURU CLARK aka TONY CLARK,

        Petitioner,

                                  CASE NO. 5:06-CV-11751
v.                               HONORABLE JOHN CORBETT O'MEARA

BLAINE LAFLER,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.**     <u>**Introduction**</u>

      This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Huru

Clark aka Tony Clark ("Petitioner") was convicted of assault with intent to rob while armed,

felon in possession of a firearm, and possession of a firearm during the commission of a felony

following a jury trial in the Muskegon County Circuit Court in 2000. He was sentenced as a

fourth habitual offender to 28 to 60 years imprisonment, a concurrent term of 58 months to 15

years imprisonment, and a consecutive term of town years imprisonment on those convictions.

In his pleadings, Petitioner raises claims concerning the denial of a mistrial, the denial of an

asserted Fifth Amendment privilege, an on-scene identification, the denial of the jury's request

for transcripts, the effectiveness of trial and appellate counsel, and his sentencing as a fourth

habitual offender. Respondent, through the Michigan Attorney General's office, has filed an

answer to the petition contending that it should be denied. For the reasons set forth herein, the

Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

II. **Facts and Procedural History**

Petitioner's convictions arise from an armed assault upon John Hittle in Muskegon, Michigan on August 6, 1999. Petitioner has submitted a brief and other materials in support of his claims. This Court accepts and incorporates the statement of facts contained in Petitioner's reply to Respondent's answer to his original petition, *see* Ct. Dkt. Doc. #25, pp. 9-15, insofar as those facts are consistent with the record, as Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the denial of his mistrial motion, the denial of his Fifth Amendment rights (and a related ineffective assistance of counsel claim), the validity of an on-scene identification (and a related ineffective assistance of counsel claim), the denial of a jury request for transcripts, and the proportionality of his sentence. The court affirmed Petitioner's convictions and sentence. *See People v. Clark*, No. 229095, 2002 WL 737799 (Mich. Ct. App. April 22, 2002) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Clark*, 467 Mich. 932, 655 N.W.2d 563 (2002).

Petitioner subsequently filed a motion for relief from judgment in the state trial court raising claims concerning the effectiveness of trial and appellate counsel and his sentencing as a fourth habitual offender, which was denied. *See People v. Clark*, No. 99-43717-FC (Muskegon

Co. Cir. Ct. March 26, 2004). Petitioner filed a delayed application for leave to appeal with the

Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing

entitled to relief under MCR 6.508(D)." *See People v. Clark*, No. 261300 (Mich. Ct. App. Sept.

21, 2005) (unpublished). Petitioner's application for leave to appeal with the Michigan Supreme

Court was similarly denied. *See People v. Clark*, 474 Mich. 1093, 711 N.W.2d 60 (2006).

Petitioner thereafter instituted this federal habeas action, raising the following claims in

an original petition and supplemental pleading:

I.  The trial court abused its discretion in denying a motion for mistrial.

II.  The trial court denied Petitioner's limited assertion of his Fifth
Amendment privilege concerning a case that was being appealed and
counsel was ineffective for failing to seek joinder of the two cases.

III.  An on-scene identification by Joan Graves was unconstitutional and
prejudicial and counsel was ineffective for failing to object.

IV.  The trial court reversibly erred and violated Petitioner's right to a fair trial
by refusing the jury's request for transcripts of a witness's testimony.

V.  Petitioner was denied the effective assistance of trial counsel when
counsel failed to admit a police report into evidence and was denied the
effective assistance of appellate counsel when counsel stated his position
on appeal and left it to the court to discover a basis for the claim.

VI.  Petitioner's fourth habitual offender sentence is invalid as defense counsel
failed to challenge/correct the charge in the felony complaint, allowing the
court to arbitrarily deny him due process as he was unable to challenge the
underlying information at sentencing.

Respondent has filed an answer to the petition and supplement asserting that habeas relief should

be denied because the claims are barred by procedural default, not cognizable, and/or lack merit.

**III.** **Analysis**

**A.** **Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his

habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
>        application of, clearly established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination
>        of the facts in light of the evidence presented in the State court
>        proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule

that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of

facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S.

12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see

also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of §

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the

correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Denial of Mistrial Claim**

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in

denying his mid-trial motion for mistrial. The defense moved for a mistrial after an interrogating police officer testified, contrary to a motion *in limine* ruling, that Petitioner had confessed to her that he had hit someone in the head with a gun while trying to evade police pursuit. The trial court denied the motion, but issued a curative instruction. Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

A trial court has the discretion to grant or deny a motion for mistrial in the absence of a showing of manifest necessity. *See Walls v. Konteh*, 490 F.3d 432, 436 (6th Cir. 2007); *Clemmons v. Sowders*, 34 F.3d 352, 354-55 (6th Cir. 1994). The Michigan Court of Appeals denied relief on this claim, stating in pertinent part:

> "A mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *People v. Griffin*, 235 Mich App 27, 36; 597 NW2d 176 (1999), *quoting People v. Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). Here, evidence that defendant was carrying a gun, that he had stuck the gun in the victim's side, and that he had pointed it at another victim was all properly admitted. Therefore, evidence that he hit someone with the gun was not severely prejudicial because the jury knew defendant had a gun and had used it to threaten the victims. Further, as the trial court noted in denying the motion, the interrogating officer's testimony included details of a number of lies that defendant told during his interrogation; we agree that the fact that defendant's statements to the officer were replete with obvious falsehoods lessens the likelihood that the jury would unequivocally accept defendant's comments to the officer. Finally, defense counsel requested and the trial court read a cautionary instruction that directed the jury to disregard the improper testimony. In concluding that a mistrial was not necessary, we rely upon the "almost invariable assumption of the law that jurors follow their instructions ...." *People v. Manning*, 434 Mich 1, 8 (Boyle, J.), 21 (Brickley, J.); 450 NW2d 534 (1990), *quoting Richardson v. Marsh*, 481 U.S. 200, 206; 107 S Ct 1702; 95 L Ed 2d 176 (1987). For these reasons, we do not believe that defendant was prejudiced by the improper testimony, and therefore the trial court did not abuse its discretion when it refused to grant defendant's motion for a mistrial.

*Clark*, 2002 WL 737799 at *1.

This decision is neither contrary to nor an unreasonable application of Supreme Court

precedent.  First, to the extent that Petitioner relies upon state law to support this argument, he fails to state a claim for habeas relief.  It is well-settled that habeas relief may not be granted for alleged violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Second, an evidentiary ruling violates due process and warrants habeas relief only when it is "so egregious that it results in a denial of fundamental fairness."  *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994).  As to the admission of other acts evidence, the United States Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice.  *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).[1]  Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003).  Consequently, there is no Supreme Court precedent that the state court decision could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1).  *Id.* at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003).

Petitioner asserts that the prosecutor engaged in misconduct by soliciting the "pistol-whipping" testimony from the police officer.  The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935).  To prevail on a prosecutorial misconduct claim, a habeas petitioner must demonstrate that the prosecutor's remarks or conduct "so

---

[1]While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

infected the trial with unfairness as to make the resulting conviction a denial of due process."
*Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The United States Court of Appeals for
the Sixth Circuit has adopted a two-part test for determining whether prosecutorial misconduct
violates a defendant's due process rights. *See Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir.
2002) (citing cases). First, the court must determine whether the challenged statements were
indeed improper. *Id*. at 452. Upon a finding of impropriety, the court must decide whether the
statements were flagrant. *Id.* Flagrancy is determined by an examination of four factors: 1)
whether the statements tended to mislead the jury or prejudice the accused; 2) whether the
statements were isolated or among a series of improper statements; 3) whether the statements
were deliberately or accidentally before the jury; and 4) the total strength of the evidence
against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717 (6th Cir. 2000) (citing
*United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o constitute the denial of a
fair trial, prosecutorial misconduct must be 'so pronounced and persistent that it permeates the
entire atmosphere of the trial,' or 'so gross as probably to prejudice the defendant.'" *Pritchett
v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

Even assuming that the prosecutor improperly solicited the disputed testimony, it did not
render Petitioner's trial fundamentally unfair. The testimony concerned other bad acts, the trial
court gave an appropriate curative instruction, and there was overwhelming evidence of
Petitioner's guilt of the charged offense given the testimony of Mr. Hittle and Ms. Graves
identifying Petitioner as the perpetrator of the armed assault and armed robber as well as the
police testimony detailing the circumstances of his arrest. Habeas relief is not warranted.

**C.      Fifth Amendment Privilege Claims**

Petitioner also asserts that he is entitled to habeas relief because the trial court did not permit him to assert a limited Fifth Amendment privilege while testifying at trial so that he could testify about the charged assault without having to answer questions about the Graves robbery. Petitioner alternatively claims that counsel was ineffective for failing to seek joinder of the two cases. Respondent contends that these claims lack merit.

The Fifth Amendment provides in relevant part that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment guarantees a criminal defendant the right to remain silent during his criminal trial and prevents the prosecution for commenting on the silence of a defendant who asserts that right. *See Griffin v. California*, 380 U.S. 609, 614 (1965). A criminal defendant also has a concomitant due process right to testify in his own defense. *See Rock v. Arkansas*, 483 U.S. 44 (1987). The right to testify, however, does not guarantee a defendant's ability to testify only to information favorable to his defense. *Id*. at 52 (defendant who chooses to testify is subject to cross-examination); *United States v. Doremus*, 414 F.2d 252, 253 (6th Cir. 1969); *accord United States v. Alosa*, 14 F.3d 693, 696 (1st Cir. 1994) (noting that the Fifth Amendment protects a defendant's right to choose whether to testify, but "does not assure that the testimony will only benefit the defendant"). Once a defendant chooses to testify, he waives his privilege against compelled self-incrimination with respect to the testimony he gives and may be cross-examined and his credibility impeached like any other witness, even when the matters delved into on cross-examination may implicate the defendant in another crime. *See Harrison v. United States*, 392 U.S. 219, 222 (1968); *Brown v. United States*, 356 U.S. 148, 154-56 (1958);

*see also Jenkins v. Anderson*, 447 U.S. 231, 236-38 (1980) (allowing a testifying defendant to be impeached by his prior silence does not unconstitutionally burden the exercise of Fifth Amendment rights); *Spencer v. Texas*, 385 U.S. 554, 561 (1967) (testifying defendant may be impeached by prior convictions without violating the Fifth Amendment).

The Michigan Court of Appeals denied relief on this claim, finding that Petitioner elected to testify in his own defense, even after the trial court had informed him that he would not be allowed a limited assertion of his Fifth Amendment rights, and that he therefore waived his privilege against self-incrimination and was subject to cross-examination as to relevant matters. *See Clark*, 2002 WL 737799, *1-2. This decision is neither contrary to the afore-mentioned Supreme Court precedent nor an unreasonable application of the law or the facts. The trial court did not violate Petitioner's Fifth Amendment rights. *See, e.g., Lacey v. Burt*, No. 02-71220, 2003 WL 22284559, *9 (E.D. Mich. Sept. 17, 2003) (rejecting similar claim). Habeas relief is not warranted on this basis.

In his argument for this claim, Petitioner also seems to assert that he is entitled to habeas relief because the trial court erred in allowing evidence of the Graves' robbery to be admitted as similar acts evidence (proof of identification) at trial. First, to the extent that Petitioner asserts that the state courts erred in applying Michigan law, he is not entitled to habeas relief. As noted, federal habeas relief is unavailable for a perceived state law violation. *See Estelle*, 502 U.S. at 67-68. Second, as discussed *supra*, the Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling*, 493 U.S. at 352-53; *Bugh*, 329 F.3d at 512-13; *Adams*, 280 F. Supp. 2d at 716. Petitioner has thus failed to state a claim upon which habeas relief may be granted as to

this issue.  Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief.

The trial court properly admitted the Graves robbery testimony as identification evidence under

the state evidentiary rules.  The prosecutor did not make a character or propensity argument and

the trial court instructed the jury about the proper consideration of the evidence.  Petitioner has

not shown that the admission of the other acts evidence rendered his trial fundamentally unfair.

He is thus not entitled to relief on any such claim.

Petitioner also claims that trial counsel was ineffective for failing to seek joinder of the

two cases.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a

two-pronged test for determining whether a habeas petitioner has received the ineffective

assistance of counsel.  First, a petitioner must  prove that counsel's performance was deficient.

This requires a showing that counsel made errors so serious that he or she was not functioning

as counsel as guaranteed by the Sixth Amendment.  466 U.S. at 687.  Second, the petitioner

must establish that the deficient performance prejudiced the defense.  Counsel's errors must

have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside

the wide range of professionally competent assistance" in order to prove deficient performance.

*Id*. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at

689.  The court must recognize that counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

The Michigan Court of Appeals denied relief on this claim, finding that counsel's representation was not ineffective. The court explained that the decision not to seek joinder of the cases was not ineffective because if the trials had been joined, all of the Graves robbery evidence would have been admitted and Petitioner still would not have been allowed to assert a limited Fifth Amendment privilege. *See Clark*, 2002 WL 737799 at *2. This Court agrees and finds that Petitioner has not shown that counsel erred or that he was prejudiced by counsel's conduct in this regard. Habeas relief is not warranted on this claim.

### D.    On-Scene Identification Claims

Petitioner also claims that he is entitled to habeas relief due to tainted identification procedures. Specifically, he asserts that an on-scene identification by Joan Graves (the victim of the hospital parking lot armed robbery) was improperly conducted in the absence of counsel and that the identification procedure was unduly suggestive because he was the only person sitting in the back of the patrol car. Petitioner also asserts that defense counsel was ineffective for failing to object to the identification testimony. Respondent contends that these claims lack merit.

Due process protects the accused against the introduction of evidence which results from

an unreliable identification obtained through unnecessarily suggestive procedures. *Moore v. Illinois*, 434 U.S. 220, 227 (1977). To determine whether an identification procedure violates due process, courts look first to whether the procedure was impermissibly suggestive. If so, courts then determine whether, under the totality of circumstances, the suggestiveness has led to a substantial likelihood of an irreparable misidentification. *Kado v. Adams*, 971 F. Supp. 1143, 1147-48 (E.D. Mich. 1997) (citing *Neil v. Biggers*, 409 U.S. 188 (1972)). Five factors should be considered in determining the reliability of identification evidence:

1. the witness's opportunity to view the criminal at the time of the crime;
2. the witness's degree of attention at the time of the crime;
3. the accuracy of the witness's prior description of the defendant;
4. the witness's level of certainty when identifying the suspect at the confrontation;
5. the length of time that has elapsed between the time and the confrontation.

*Neil v. Biggers*, 409 U.S. at 199-200.

A criminal defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. If a defendant meets this burden, then the prosecutor must demonstrate that the identification was reliable independent of the suggestive identification procedure. *See United States v. Wade*, 388 U.S. 218, 240 n. 31 (1967); *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004). If a defendant fails to show that the identification procedures were impermissibly suggestive, or if the totality of the circumstances indicate that the identification is otherwise reliable, no due process violation has occurred. As long as there is not a substantial misidentification, it is for the jury or factfinder to determine the ultimate weight to be given to the identification. *See United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992); *Johnson*, 344 F. Supp. 2d at 1090.

Petitioner first asserts that his rights were violated by the absence of counsel during the

on-scene identification. The Michigan Court of Appeals denied relief on this claim finding that counsel is not required at an on-scene identification. This decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. An accused's right to have counsel present at a pre-trial identification procedure only attaches to lineups conducted at or after the initiation of adversarial judicial criminal proceedings. *See Moore v. Illinois*, 434 U.S. 220, 227-28 (1977). In this case, Petitioner was only a potential suspect when police conducted the on-scene identification; he had not been formally charged. He thus had no right to counsel during the on-scene identification. Habeas relief is not warranted on this claim.

Petitioner also asserts that his rights were violated because the on-scene identification was unduly suggestive since he was the only person in the patrol car. The Michigan Court of Appeals did not address this claim. Nonetheless, Petitioner is not entitled to relief on such a basis. The United States Court of Appeals for the Sixth Circuit has held that bringing crime victims immediately to the scene of the crime to identify a defendant is not impermissible or a violation of due process. *See Bruner v. Perini*, 875 F.2d 531, 534-35 (6th Cir. 1989); *Stidham v. Wingo*, 482 F.2d 817, 818-19 (6th Cir. 1973); *see also United States v. Craig*, 198 Fed. Appx. 459, 466 (6th Cir. 2006). Prompt on-scene confrontation is actually consistent with good police work and does not offend the principles established in *Wade, supra*. *See Valtin v. Hollins*, 248 F. Supp. 2d 311, 318 (S.D.N.Y. 2003) (citing *United States ex rel. Cummings v. Zelker*, 455 F.2d 714, 716 (2d Cir. 1972)). On-scene or field identifications "are essential to free innocent suspects and to inform the police if further investigation is necessary." *United States v. King*, 148 F.3d 968, 970 (8th Cir. 1998); *Johnson v. Dugger*, 817 F.2d 726, 729 (11th Cir. 1987) (on-scene confrontations allow identification "before the suspect has altered his appearance and

while the witness' memory is fresh, and permit the quick release of innocent persons").

The on-scene identification procedure used here was not improper. Ms. Graves was able to view Petitioner when he assaulted her and she expressed no hesitation in identifying him when she saw him in the patrol car. She also remained certain of her identification at trial. She indicated that her identification was based upon her observations of Petitioner at the time of the incident. Her in-court identification of Petitioner was sufficiently reliable to be admissible, notwithstanding the on-scene procedure that was conducted. *See Bruner*, 875 F.2d at 535.

In addition to considering the reliability of the actual identification, courts also look to other evidence to determine whether, if the identification was tainted, permitting the identification was an error of sufficient magnitude to rise to a constitutional level because of a very substantial likelihood of irreparable misidentification, or whether the error was harmless. *See Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 848 (E.D. Mich. 2001); *see also Solomon v. Curtis*, 21 Fed. Appx. 360, 363 (6th Cir. 2001). The prosecution in this case presented other evidence of Petitioner's guilt to support his convictions, including victim Hittle's testimony identifying Petitioner as his assailant and the police testimony indicating that Petitioner was found in the vicinity of the assaults shortly after they occurred, that he was wearing clothing that fit the perpetrator's description, and that he falsely identified himself. Given such evidence, any error in the admission of Ms. Graves' identification testimony was harmless.

Lastly, Petitioner asserts that defense counsel was ineffective for failing to seek suppression of the identification testimony. Counsel's failure to move to suppress an allegedly unreliable in-court identification is not ineffective assistance absent a reasonable probability that the suppression motion would have resulted in a decision to exclude the testimony. *See*

*Millender v. Adams*, 187 F. Supp. 2d 852, 868 (E.D. Mich. 2002); *aff'd* 376 F.3d 520 (6th Cir. 2004). Given the Court's determination that the challenged identification testimony was admissible (or that any error was harmless), Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct. *See Bruner*, 875 F.2d at 535. Habeas relief is therefore not warranted on this claim.

      **E.**      **Transcript Claim**

      Petitioner also asserts that he is entitled to habeas relief because the trial court denied the jury's request for transcripts of a police officer's testimony. In response to the jury's note, the trial court advised the jurors to try to remember the testimony collectively and to send a second note if they could not do so and the court would read back the testimony. The jury subsequently reached a verdict without making a second request. Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

      The Michigan Court of Appeals denied relief on this claim finding that the trial court properly exercised its discretion by informing the jury to rely on its collective memory of the testimony and to send out a second request if necessary. *See Clark*, 2002 WL 737799 at *3.

      This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner relies upon state law in making this claim, he fails to state a claim for upon which relief may be granted. It is well-settled that habeas relief may not be granted on the basis of a state law error. *See, e.g., Estelle*, 502 U.S. at 67-68. In fact, there is no federal constitutional law which requires that a jury be provided with witness testimony. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 477 (6th Cir. 2006). No United States Supreme Court decision requires judges to re-read testimony of

witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub*, 175 F. Supp.2d 933, 939 (E.D. Mich. 2001). A habeas petitioner's claim that a state trial court violated his right to a fair trial by refusing to grant a jury request for transcripts is therefore not cognizable in a habeas proceeding. *Bradley*, 192 Fed. Appx. at 477; *Spalla v. Foltz*, 615 F. Supp. 224, 233-34 (E.D. Mich. 1985). Second, the record shows that the trial court instructed the jurors to recall the testimony collectively and to continue deliberations, but did not foreclose the re-reading of testimony if necessary. The jury resumed deliberations and returned a verdict. Petitioner has not shown how he was prejudiced by the trial court's actions. He is thus not entitled to habeas relief on this claim.

### F. Procedural Default as to Remaining Claims

Respondent contends that Petitioner's remaining claims concerning the effectiveness of trial and appellate counsel and sentencing are barred by procedural default because Petitioner failed to raise those claims on direct appeal of his convictions and first presented them to the state courts in his motion for relief from judgment. The United States Supreme Court has described doctrine of procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006). Although the procedural default doctrine precludes habeas relief on a defaulted claim absent satisfaction of the cause-and-prejudice test, the doctrine is not jurisdictional. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005).

"[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [substantive] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Given the circumstances of this case, the Court finds that the procedural issue is complex and the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

### G. Ineffective Assistance of Trial and Appellate Counsel Claims

Petitioner asserts that he is entitled to habeas relief because he was denied the effective assistance of trial and appellate counsel. Specifically, he claims that trial counsel was ineffective for failing to admit Officer Hepworth's police report into evidence and that appellate counsel was ineffective for failing to properly support the Fifth Amendment claim on direct appeal. Respondent contends that these claims are barred by procedural default and lack merit.

As discussed *supra*, the Supreme Court has established a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient in that counsel made errors so serious that he or she was not functioning as counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Petitioner has not established that trial counsel was ineffective under this standard. The

record shows that trial counsel cross-examined the victim, Mr. Hittle, extensively and utilized Officer Hepworth's police report to do so. While counsel could have moved for admission of the report, counsel may have reasonably decided such a course of action was unnecessary because the jury was well aware of the favorable information in the report. Counsel may have also believed that other information in the report would have been detrimental to the defense. Nonetheless, even if counsel erred in some fashion, Petitioner cannot establish that he was prejudiced by counsel's conduct. The record shows that counsel used the police report to impeach the victim's testimony such that the jury was well aware of any favorable information in the report. Petitioner has not established that trial counsel was ineffective under *Strickland*.

Petitioner has also not shown that appellate counsel was ineffective for failing to properly argue the Fifth Amendment issue on appeal. Even assuming that counsel erred, Petitioner cannot establish that he was prejudiced by counsel's conduct given the state courts' and this Court's determinations that his Fifth Amendment issue lacks merit. Petitioner has thus failed to show appellate counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted.

### H.  Fourth Habitual Offender Sentencing Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because his fourth habitual offender sentence is invalid. Petitioner claims that counsel failed to correct the charge in the felony complaint and that he was unable to challenge the underlying information at sentencing. Respondent contends that this claim is defaulted, not cognizable, and/or lacks merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed

exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner was sentenced to 28 to 60 years imprisonment, a concurrent term of 58 months to 15 years imprisonment, and a consecutive term of two years imprisonment on his convictions. Those sentences are within the statutory maximums. *See* Mich. Comp. L. §§ 750.89, 750.224f, 750.227b, 769.12. To the extent that Petitioner asserts that his sentencing as a habitual offender was erroneous under state law, he fails to state a claim for relief. It is well-established that federal habeas relief does not lie for perceived errors of state law. *See Estelle*, 502 U.S. at 67-68; *see also Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). Habeas relief is not warranted on any claim that Petitioner's habitual offender sentence was improper under state law.[2]

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record indicates that the trial court

---

[2]Further, the trial court concluded that there was a sufficient basis in the pre-sentence report to show that Petitioner had at least three prior felony convictions for the purpose of establishing his fourth habitual offender status under Michigan law. *See Clark*, No. 99-43717-FC at *2-3. The trial court's decision is entitled to deference on federal habeas review. *See* discussion *infra*. This Court finds no reason to second-guess the trial court.

considered the pre-sentence report and other sentencing materials in determining that Petitioner should be classified as a fourth habitual offender. Petitioner had an opportunity to contest the accuracy of the reports, and other relevant factors, but did not challenge his fourth habitual offender status. Petitioner has failed to show that the trial court relied upon materially false or inaccurate information which he had no opportunity to correct in imposing his sentence. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)

Additionally, to the extent that Petitioner asserts that counsel was ineffective in this regard, his claim also fails. Petitioner has not presented evidence to support his allegation that one of his prior convictions was invalid or should not have been considered at sentencing. Without such a showing, he cannot establish that counsel was ineffective under *Strickland*. Habeas relief is not warranted on this claim.

**IV.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for writ of habeas corpus shall be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the

district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal *in forma pauperis* are **DENIED**.


                                        s/John Corbett O'Meara
                                        United States District Judge
Date:  November 5, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 5, 2008, by electronic and/or ordinary mail.


                                        s/William Barkholz
                                        Case Manager