UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HURU CLARK aka TONY CLARK,

       Petitioner,

                                        CASE NO. 5:06-CV-11751
v.                                        HONORABLE JOHN CORBETT O'MEARA

BLAINE LAFLER,

       Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Petitioner's motion for reconsideration, dated January 9, 2009 and brought pursuant to Federal Rule of Civil Procedure 59(e), concerning the Court's November 5, 2008 opinion and order denying his petition for writ of habeas corpus and denying a certificate of appealability and leave to proceed *in forma pauperis* on appeal. Petitioner has already filed a motion for leave to proceed *in forma pauperis* on appeal (treated as a motion for reconsideration), which the Court denied on December 29, 2008. Petitioner now seeks reconsideration of the Court's decision denying him a certificate of appealability.

Petitioner, however, previously requested an extension of time to file a motion for reconsideration, which the Court denied on December 31, 2008 because a motion for reconsideration must be filed within 10 days after entry of the judgment, *see* Fed. R. Civ. P. 59(e); E.D. Mich. L. R. 7.1(g)(1), and district courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). *See* Fed. R. Civ. P. 6(b); *FHQ Equities, LLC v. MBL Life Assurance Corp.,* 188 F.3d 678, 682 (6th Cir. 1999); *see*

1

*also Peters v. Abramajtys*, 2000 WL 1872038, *1 (6th Cir. Dec. 14, 2000) (citing *Rhoden v. Campbell*, 153 F.3d 773, 773 (6th Cir. 1998); *Erickson's Flooring & Supply Co., Inc. v. Basic Coatings, Inc.*, No. 04-74990, 2008 WL 2858774, *3 (E.D. Mich. July 23, 2008). Petitioner's motion is therefore untimely.

Nonetheless, even if Petitioner's request for reconsideration is deemed timely, it shall be denied. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). The Court properly denied Petitioner a certificate of appealability on his habeas claims. Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). Accordingly, the Court **DENIES** Petitioner's motion. This case is closed.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: January 16, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 16, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager